## H. E. Hughes & Company, et al. v. Washington Finance Corporation.

(Decided March 8, 1927.)

### Appeal from Floyd Circuit Court.

Bills and Notes—Corporation's President Held Not Bound Personally on Corporation's Note by Signature, "H. E. Hughes, President," Under Name of Corporation (Ky. Stats., Section 3720b-20). —Where original contract for trade acceptances was signed by corporation, "by H. E. Hughes, President," note given in satisfaction thereof, signed by corporation and by "H. E. Hughes, President," omitting word "by," did not bind president individually, in view of evident intent to sign merely as president of corporation, and in view of Ky. Stats., section 3720b-20 providing, where instrument contains words indicating signer signs for principal or in representative capacity, he is not liable if duly authorized, though mere addition of descriptive words does not exempt him from personal liability.

B. M. JAMES and JOE HOBSON for appellant.

B. F. COMBS for apppellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing as to H. E. Hughes and affirming as to H. E. Hughes & Company.

A judgment was rendered in the Floyd circuit court in favor of appellee against H. E. Hughes and Company

and H. E.. Hughes for less than $500.00. · The motion for an appeal by H. E. Hughes & Company is overruled and the judgment as to it is affirmed.

The basis of the action is four notes executed by appellant, H. E. Hughes & Company to the appellee, Washington Finance Corporation. Each of the notes is in the same form and we set out one of them as follows:

"$101.00        "Prestonsburg, Ky., May 26, 1924.

"Two (2) months after date we promise to pay to the order of Washington Finance Corporation one hundred and one no/100 dollars at the First National Bank, Prestonsburg, Ky.

.    "No.——— P. O. ——— Date———
                "H. E. HUGHES & Co., INC.
                "H. E. HUGHES, President.
        Value Received.

"Discount———

"Stamped on back with 4c Internal Revenue stamps and endorsed as follows:

                "WASHINGTON FINANCE CORP.,
                    "LOUIS WOLKEN, Pres."

It is insisted by appellee that H. E. Hughes individually is bound on this note. We do not think so. It is evident that he signed his name as president of H. E. Hughes & Company after having signed the name of his principal. Section 3720b-20, Ky. Stats., is as follows:

"Where the instrument contains; or a person adds to his signature, words indicating that he signs for or on behalf of the principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent or as filling a representative character without disclosing his principal, does not exempt him from personal liability."

H. E. Hughes did disclose his principal when he signed the name of the company of which he was president. The original contract which he signed with the Paramount Radio Corporation, who thereafter transferred the evidences of debt to appellee, was signed H. E. Hughes & Company by H. E. Hughes, president. Before purchasing the trade acceptances from the Paramount Radio Corporation appellee shows that it made an investiga-

tion to find out whether the radios had been shipped under the contract. The trade acceptances received by appellee from the Paramount Radio Corporation are not made a part of the record. They were delivered to appellant, H. E. Hughes & Company, when that company satisfied them by executing the notes sued on to appellee. The contract, however, signed by H. E. Hughes & Company when it ordered the radios from the Paramount Radio Corporation is in the record and it refers to the trade acceptances tendered in payment of the amount due by H. E. Hughes & Company. We will assume that the trade acceptances were signed in the same manner as the contract in satisfaction of which they were issued.

The judgment is affirmed as to H. E. Hughes & Company, but an apppeal is granted on the motion of H. E. Hughes, and the judgment is reversed as to him, with directions to dismiss the petition as to him.